IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROGER D. GODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. A. NO. 26-78-JB-MU |
| | ) | |
| JEFFREY EPSTEIN, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Roger D. Godwin, a prisoner at Atlanta Federal Correctional Institution, filed an action under 42 U.S.C. § 1983. (Doc. 1). Godwin did not pay the filing fee or submit a motion to proceed without prepayment of fees, or *in forma pauperis*.[1] Upon review of the complaint and Plaintiff's litigation history, it is **RECOMMENDED** that this Court **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(g), because Plaintiff is barred from proceeding *in forma pauperis* and did not pay the filing and administrative fee when he filed this action.

The Prison Litigation Reform Act ("PLRA"), enacted "to curtail abusive prisoner litigation," *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), includes restrictions on prisoners filing certain civil rights actions in federal courts. In particular, § 1915 only allows a prisoner to file three meritless suits in federal courts, after which he "must pay the full filing fee at the time he initiates suit." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Specifically, the "three-strikes" provision states:

---

[1] This case, which was transferred from the United States District Court in the Northern District of Georgia (*see* docs. 3-5), is before the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When the three-strikes provision is applicable, the Eleventh Circuit has established "that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Dupree,* 284 F.3d at 1236. Furthermore, "the prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id*. The only exception to this three-strike rule is when Plaintiff has pled that he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Review of federal court records reveals that Plaintiff has filed at least three federal court cases that courts have dismissed as frivolous or for failing to state a claim upon which relief may be granted under § 1915:

> On at least three prior occasions, this court has denied plaintiff leave to proceed *in forma pauperis* in lawsuits that were legally frivolous, malicious or failed to state a claim upon which relief may be granted. *Godwin v. Sutton*, 05–C–493–C, decided September 12, 2005; *Godwin v. Bridgewater*, 05–C–593–C, decided November 7, 2005; and *Godwin v. Frank*, 06–C–489–C, decided September 22, 2006.

*Godwin v. Tidquist*, No. 10-CV-573-BBC, 2010 WL 4941616, at *2 (W.D. Wis. Nov. 30, 2010).

Because Plaintiff has previously had three-strikes under § 1915(g), and he did not pay the filing fee when filing this action, he cannot proceed with this action unless he can show he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

> In determining whether a prisoner has proved imminent danger of serious physical injury, this Court looks to the complaint, construing it liberally and accepting its allegations as true. In so doing, the Court considers whether [the prisoner's] complaint, as a whole, alleges imminent danger of serious physical injury, not whether each specific physical condition or affliction alleged alone would be sufficient. General assertions, however, are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

*Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021), *cert. denied,* 142 S. Ct. 2716 (2022) (internal quotations and citations omitted). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished).

In his complaint, Plaintiff names Jeffery Epstein[2] as the defendant and alleges that he met Epstein in Mobile, Alabama in 2001 and was drugged and assaulted, physically and sexually, by him at a local motel and now suffers from physical and emotional trauma. (Doc. 1, PageID.1-2). Plaintiff alleges that what Epstein did to him violated his rights under the 8th and 14th Amendments. (Doc. 1, PageID.3). Plaintiff seeks monetary damages, "liens on Epstein" and his wife until the lawsuit is settled, payment of attorney's fees and costs, and payment of medical bills and treatment. (*Id*.).

The complaint's requested relief is solely for monetary damages Plaintiff seeks to recover as compensation for the alleged abuse he suffered from Defendant Epstein's actions. Accordingly, Plaintiff has not demonstrated that he faces imminent danger of serious physical injury or harm. (*See* Doc. 1); *see Medberry v. Butler*, 185 F.3d 1189,

---

[2] Based on the allegations and relief sought in the complaint, including Plaintiff's statement that he saw where Epstein "allegedly committed suicide at MDC Brooklyn, NY," the undersigned assumes that Plaintiff is referring to the disgraced and now deceased financier and child sex offender, Jeffery Epstein. (Doc. 1, PageID.2)

1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Plaintiff has failed to show that he is in danger, fear for his life, or that he faces any specific harm. Nor does Plaintiff express experiencing or that he would experience an imminent serious physical injury at the time his complaint was filed. *Medberry*, 185 F.3d at 1193 (Plaintiff bears the burden of showing that he was in imminent danger or serious physical injury when he filed his complaint.).

For these reasons, the undersigned **RECOMMENDS** that, because Plaintiff did not pay the filing and administrative fees of $405 when he filed his complaint and he is not entitled to proceed *in forma pauperis*, the Court should **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

4

however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE and ORDERED this 18th day of March, 2026.

/s/ P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE